# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LUCINDA AREVALO, § | |
|    Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-12-3607 |
| § | |
| HOUSTON COMMUNITY § | |
| COLLEGE, § | |
|    Defendant. § | |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on the Motion to Dismiss [Doc. # 13] filed by Defendant Houston Community College ("HCC"), to which Plaintiff Lucinda Arevalo filed a Response [Doc. # 16], and HCC filed a Reply [Doc. # 20]. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion to Dismiss.

## I.   BACKGROUND

Plaintiff is Hispanic, female, and over the age of forty. She began working for HCC in 1983 as a secretary and administrative assistant. During her employment with HCC, Plaintiff worked at various locations and for various supervisors.

In the fall of 2010, Plaintiff began working for Michael Ronan. On January 13, 2012, Plaintiff's employment with HCC was terminated.

Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Dismissal and Notice of Rights, and Plaintiff filed this lawsuit *pro se* on December 10, 2012. After Plaintiff retained counsel, she filed an Amended Complaint [Doc. # 12] in which she asserted state and federal claims. Plaintiff has now abandoned all claims except age discrimination under the Age Discrimination in Employment Act ("ADEA"), and national origin and gender discrimination under Title VII.

Defendant filed a Motion to Dismiss, asserting that it was not timely served and that Plaintiff failed to state a claim for relief. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.   MOTION TO DISMISS - RULE 4(m) AND RULE 12(b)(4)

Rule 12(b)(4) provides for dismissal of a lawsuit where there has been insufficient process. Rule 4(m) provides for dismissal of a lawsuit where the defendant is not served within 120 days after the complaint is filed. The deadline for service may be extended by the Court, however, if the plaintiff shows good cause. *See* FED. R. CIV. P. 4(m).

In this case, Plaintiff filed a Motion for Extension of Time to Achieve Service. By Order [Doc. # 19] entered August 20, 2013, the Court granted Plaintiff's motion and extended the deadline for service to September 20, 2013. It is undisputed that

Plaintiff properly served HCC on September 4, 2013, well before the extended deadline expired. As a result, HCC's Motion to Dismiss pursuant to Rules 4(m) and 12(b)(4) are **denied**.

### III.    MOTION TO DISMISS - RULE 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. A plaintiff is not required to establish a *prima facie* case of discrimination at the pleading stage. *See Raj v. La. State Univ.*, 714 F.3d 322, 325 (5th Cir. 2013).

Plaintiff alleges that her discharge was the result of discrimination on the basis of her age, national origin (Hispanic), and gender. To state a *prima facie* case of

discrimination, Plaintiff must allege that she was discharged, that she was qualified for the position she held, that she was within the protected class at the time of the discharge, and that she was either replaced by someone outside the protected class or otherwise discharged because of her protected status. *See Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 455 (5th Cir. 2011) (ADEA); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (Title VII).

In this case, Plaintiff alleges that she was discharged on January 13, 2012. *See* Amended Complaint, ¶ 11. Plaintiff alleges that she was qualified for her position, having worked for HCC as a secretary and administrative assistant for almost thirty years. *See id.*, ¶ 10. Plaintiff alleges that she was within protected classes at the time of her discharge. *See id.*, ¶ 1 (female, over the age of forty, and Hispanic). Plaintiff alleges that she was replaced by someone outside the protected classes. *See id.*, ¶ 18 (replaced by white male under the age of 40). Plaintiff also alleges facts indicating that Ronan persistently dealt with her in a manner that was discriminatory. *See id.*, ¶¶ 16, 22-25. Plaintiff alleges that she had no complaints from any of her supervisors prior to Ronan. *See id.*, ¶ 12.

Plaintiff has alleged facts that adequately state a claim of discrimination under the ADEA and Title VII. As a result, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is **denied**.

## IV.     CONCLUSION AND ORDER

Plaintiff's service of the summons and complaint was timely pursuant to the Court's Order entered August 20, 2013.  Plaintiff has adequately stated a claim of discrimination on the basis of age, National Origin, and gender.  As a result, it is hereby

**ORDERED** that HCC's Motion to Dismiss [Doc. # 13] is **DENIED**.  All deadlines in the Court's Docket Control Order [Doc. # 18] remain in effect.

SIGNED at Houston, Texas, this **12th** day of **September, 2013.**

_____
Nancy F. Atlas
United States District Judge